# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**818**

**KA 09-02177**

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHN KELLY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 1, 2009. Defendant was resentenced upon his conviction of assault in the second degree.

It is hereby ORDERED that the resentence so appealed from is unanimously reversed on the law, the original sentence is reinstated and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a resentence pursuant to which, following a hearing, County Court sentenced him to a five-year period of postrelease supervision. As the People correctly concede, the court erred in imposing a period of postrelease supervision after defendant had been conditionally released from the previously imposed determinate sentence of incarceration. Inasmuch as he had been released from custody, defendant had "a legitimate expectation that the sentence, although illegal under the Penal Law, [was] final and the Double Jeopardy Clause prevents a court from modifying the sentence to include a period of postrelease supervision" (*People v Williams*, 14 NY3d 198, 219-220, *cert denied* ___ US ___, 131 S Ct 125; *see People v Viehdeffer*, 75 AD3d 1112, 1113).

Entered: June 29, 2012                              Frances E. Cafarell
                                                    Clerk of the Court